No. 2181

Second Circuit

---

LECOUR v. LECOUR

---

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Dedication to Public Use—Par. 16.**

A change of the location of a public road by the Police Jury upon the application of freeholders and with the consent of the adjacent proprietors operates as an abandonment of the old road, and it, in law, is no longer a public road.

2. **Louisiana Digest—Dedication to Public Use—Par. 16.**

The owner of the soil on which a public road shall pass may resume and take possession of the same whenever said road shall have been abandoned by the public or shall have been transferred elsewhere with the consent of the owner and with that of the competent authority.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Natchitoches. Hon. J. W. Jones, Jr., Judge.

Action by Lewis Lecour against John Lecour.

There was judgment for plaintiff and defendant appealed.

Judgment reversed, injunction dissolved, and suit dismissed.

E. St. A. Prudhomme, of Natchitoches, attorney for plaintiff, appellee.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellant.

ODOM, J. Plaintiff brought this suit to restrain the defendant from obstructing what is alleged to be a public road in the parish of Natchitoches.

He alleges, in substance, that he and the defendant own adjoining properties fronting on Little River and that there is a public road on the bank of the river, which public road is his only outlet, and that defendant closed said public road by erecting fences across the same, and that the closing of said public road has caused him great inconvenience and damage.

The defense is:

First, that plaintiff is not entitled to the relief which he asks for the reason that, according to the allegations of his petition, the road was closed already; and,

Second, that there is no public road on the bank of the river, and that defendant had a right to erect his fences where he did.

The district judge found for plaintiff and rendered judgment as follows:

"That the mandatory injunction sued out by plaintiff be and is hereby maintained, sustained and perpetuated, and that it is decreed that the road on the banks of Little River on the front of plaintiff's and defendant's farms is decreed a public road to be used as such, in accordance with Ordinance No. —— of the Police Jury of the Parish of Natchitoches, passed at Natchitoches, Louisiana, on the —— day of ——————."

Defendant appealed.

## OPINION

It is not worth while to discuss the technical defenses urged by defendant, for the reason that plaintiff is entitled to no relief on the merits.

Plaintiff and defendant are adjoining proprietors. Their lands front on Little River. The public road running from Cloutierville on Cane River to Planters Landing on Red River originally ran along the bank of Little River in front of these properties, but some thirty years ago that road was changed by the Police Jury of Natchitoches parish so as to leave the bank of the river on the west edge of defendant's property and run east across defendant's land, thence on to Planters Landing on Red River; that is, instead of following the river around the bend it cut across and shortened the distance something over two miles.

The old road around the bend of the river was abandoned and the property owners, including the plaintiff, extended their fences across the old road down to the banks of the river. There was no objection on the part of the Police Jury or any of the property owners to the erection of these fences across the old road until about the time this suit was filed.

Plaintiff alleged in his petition that defendant had obstructed a public road. Defendant did erect a fence across the old public road; plaintiff did the same thing, as did all the other property owners. But the road was not a public road at that time. At the time this suit was filed the road had been abandoned for about twenty-five years. It had in the meantime become practically impassable on account of washouts, and no bridges had been built. When the Police Jury and the public abandoned the old road and opened a new one upon the petition of the prop-

erty owners, there was no reason why the owners of the properties adjacent to the old road and the river bank should not have built their fences as they did.

Section 3368 of the Revised Statutes provides specifically that the owner of the soil on which a public road shall pass may resume and take possession of the same—

"whenever the said road shall have been abandoned by the public, or shall have been transferred elsewhere with the consent of the owner and with that of the competent authority."

Little River is not a navigable stream.

The Police Jury transferred the road from the river bank in 1896 not only with the consent but upon the petition of the freeholders. When the new road was established the old road was abandoned by the Police Jury and the public. However, the record shows that on occasions when the water was extremely high the old road was used to some extent by the land owners in getting to the new road, as the land on the bank of the river is higher than that where the new road is located.

The record further shows that plaintiff has an outlet to the new road. His land adjoins that of defendant and is about three-fourths of a mile from the new road. When the new road was established defendant opened on his land a lane extending all the way from plaintiff's property to the new road. This lane is adjacent to plaintiff's property.

Plaintiff complains that the road through this lane is on low land and gets bad in the rainy season. That fact may and probably does cause plaintiff some inconvenience, but it does not change conditions from a legal standpoint. He brought this suit to enjoin defendant from obstructing the public road. His suit falls because the road which plaintiff obstructed is not a public road.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and avoided, that the injunction issued be dissolved, and that plaintiff's suit be dismissed at his cost.